## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**SAFECO INSURANCE COMPANY**
**OF AMERICA**
      **Plaintiff,**

**vs.**                        **Case No. 3:09cv301/MCR/MD**

**LARRY BECKER, SR.; DONNA**
**BECKER; AMY RAINES; and**
**W. CHRISTOPHER RAINES;**
      **Defendants.**

_____

## REPORT AND RECOMMENDATION

      This case is before the court upon plaintiff Safeco Insurance Company of America's Amended Motion for Summary Judgment (doc. 38). Although the motion was filed against defendants Amy Martin Raines, Larry Becker, Sr., and Donna G. Becker,[1] plaintiff and the Beckers settled their claims. (Doc. 50). The motion remains pending as to Amy Martin Raines, who has not filed a response in opposition to the motion, despite having been given detailed instructions about her obligation in doing so. (Doc. 39).

## PROCEDURAL  HISTORY and SAFECO'S COMPLAINT

      Plaintiff Safeco Insurance Company of America ("Safeco") filed a three count complaint against defendants W. Christopher Raines, Amy Martin Raines, Larry P. Becker, Sr., and Donna G. Becker (the "Indemnitors") in the Western District of Tennessee, and the case was transferred to this court. (Doc. 1). The complaint

_____

[1] The case is stayed as to W. Christopher Raines due to pending bankruptcy proceedings. (Doc. 22).

alleges that the Indemnitors[2] signed an Indemnity Agreement[3] in favor of Safeco, agreeing to jointly and severally indemnify and hold Safeco harmless against losses by reason of having issued bonds on behalf of Brady & Horne Company ("BHC").[4] Safeco issued a Performance and Payment Bond and a Lien Transfer Bond on behalf of BHC, induced by and in consideration of the Indemnitors execution of the bond applications. (Doc. 1 at ¶¶ 20 & 21). BHC, the "Principal" of the bonds petitioned for bankruptcy in April of 2009. (Doc. 1 at ¶ 23). The Lien Transfer Bond names Supply Lines of Memphis, LLC (the "Obligee") as Obligee. (Doc. 1 at ¶ 24).

The Principal initiated litigation against the Obligee in Walton County, Florida, and the Obligee in turn asserted a third-party claim against Safeco in excess of $656,870.96, thus triggering the Indemnitors' obligations under the Indemnity Agreement. (Doc. 1 at ¶¶ 25-27). However, when Safeco demanded payment, the Indemnitors failed and/or refused to pay Safeco an amount sufficient to discharge any claim. (*Id.* at ¶¶ 28-30).

Safeco brought this action seeking specific performance of the Indemnity Agreement (count I), damages for breach of the Indemnity Agreement (count II), and costs, attorneys fees and legal expenses pursuant to Tennessee's Doctrine of Implied Indemnity (count III).

In the pending motion for summary judgment, Safeco asserts that there is no genuine issue as to any material fact with respect to the indemnity obligations of the remaining Indemnitor. It seeks entry of summary judgment and an order directing Amy Martin Raines to indemnify and pay to Safeco the sum of $26,443.89 for the attorneys' fees, costs and expenses it incurred through the date it filed the motion

---

[2]Mr. Raines is not included in this discussion because of the bankruptcy stay.

[3]The Indemnity Agreement collectively refers to two separate surety bonds, both of which contain an agreement of indemnity. (Doc. 1, ¶¶ 9-11).

[4]BHC was not named as a defendant in this action, having filed for bankruptcy protection before suit was filed. (Doc. 38 at 2).

**as a result of having issued bonds on behalf of the Principal.**

## UNDISPUTED FACTS

Because defendant Raines has failed to file any opposition to the plaintiff's motion,[5] the undisputed facts as set forth by Safeco are accepted as true. (Doc. 39 at 1-2 n.1, citing N.D. Fla. Loc. R. 56.1(A)).  The undisputed facts identified by plaintiff as relevant to this motion are as follows:

1.      On or about February 6, 2007, the Indemnitors executed an Application for Surety Bond No. 6417511 with Safeco, for a Performance & Payment Bond for Brady & Horne Company, Inc., listing Linkous Construction Co., Inc. as the Obligee (the "2007 Application"). (*See* Complaint, Document 1, Exhibit A; Answer, Document 19, at ¶ 9).

2.      On or about January 9, 2008, the Indemnitors executed an additional Application for Surety Bond on behalf of Safeco (the "2008 Application"). (Answer, Document 19, at ¶ 10).  The 2007 Application and 2008 Application are collectively referred to as the "Indemnity Agreement."

3.      The Agreement of Indemnity section of the 2007 and 2008 Applications provides, in pertinent part:

In consideration of the execution by [Safeco] of the bond herein applied for, [the Indemnitors] agree:

*1.*     To pay to [Safeco] upon demand:
  (a)    All loss and expense, including attorneys' fees, for which [Safeco] shall become liable by reason of such bond, whether or not [Safeco] shall have paid such loss and expense at the time of demand.
  (b)    The annual premium for such bond until satisfactory evidence of termination of liability shall be furnished to [Safeco].
  (c)    The attorneys' fees and costs incurred by [Safeco] in enforcing this agreement.

---

[5]Safeco also advised the court that Ms. Raines did not respond to correspondence from counsel regarding the mediation.  (Doc. 51 at 1).

. . .

*3.* An itemized statement of loss and expense incurred by [Safeco], sworn to by an officer of [Safeco], shall be prima facie evidence of the fact and extent of [the Indemnitors'] obligation to [Safeco].

(Complaint, Doc. 1, at Exhibits "A", and "B"; Answer, Document 19, at ¶ ¶ 13, 15).

4. Following the Indemnitors' execution of the 2007 Application for a Surety Bond, Safeco issued Performance & Payment Bond No. 6417511, naming Linkous Construction Co., Inc. as the Owner, and Brady & Horne Company, Inc. as the Contractor. (*See* Complaint, Document 1, Exhibits A and C; Answer, Document 19, at ¶ 9).

5. Following the Indemnitors' execution of the 2008 Application for a Surety Bond, Safeco issued a Lien Transfer Bond No. 6531012, naming Supply Lines of Memphis, LLC, as the Lienor, and Brady & Horne Company, Inc. as the Principal. (*See* Complaint, Document 1, Exhibits B and D; Answer, Document 19, at ¶ 10).

6. BHC filed a complaint against Supply Line, pursuant to Section 713.21(4), Florida Statutes, requiring it to show cause why the Lien, filed by Supply Line should not be vacated, in the First Judicial Circuit in and for Walton County, Florida bearing case number, 08 CA 000162 ("Supply Line Litigation"). BHC subsequently transferred the Lien to a surety bond, Lien Transfer Bond No. 6531012, issued by Safeco in accordance with Section 713.24, Florida Statutes ("Transfer Bond"), naming BHC as the Principal, and Supply Lines of Memphis, LLC ("Supply Line") as the Obligee. (*See* Complaint, Document 1, Exhibits B and D; Answer, Document 19, at ¶ 10).

7. On or about March 25, 2008, Supply Line filed a counterclaim ("Counterclaim") against BHC and a third-party complaint ("Third Party Complaint") against Safeco, containing: (1) a Request for Declaratory

Relief claiming that the face amount of the Transfer Bond is insufficient (Count I); (2) a Request for Declaratory Relief claiming that Safeco's failure to provide Supply Line with copies of the payment bonds fails to affect the Lien (Count II); (3) an Alternative Claim against the Lien Transfer Bond (Count IV); and (4) an Alternative Claim against the Payment Bond (Count V). (*See* Complaint, Document 1, Exhibit E).

8.    BHC and the Indemnitors did not timely resolve the Third Party Complaint. (*See* Affidavit of Jason Stonefeld, doc. 38, Exhibit "A").

9.    By email dated March 30, 2009, Safeco requested that the Indemnitors deposit the sum of $656,870.00 with Safeco as collateral security against any loss on the Bond. (Complaint, Document 1, Exhibit G). The Indemnitors did not post collateral with Safeco. (*See* Affidavit of Jason Stonefeld, doc. 38, Exhibit "A").

10.    On or about April 17, 2009, Safeco retained counsel to defend the Third Party Demand. (*See* Affidavit of Jason Stonefeld, doc. 38, Exhibit "A").

11.    BHC ultimately resolved the Supply Line litigation, but not before Safeco incurred attorneys' fees and costs in connection with the claim, including the filing of a Motion to Dismiss the Third Party Claim. (*See* Affidavit of Jason Stonefeld, doc. 38, Exhibit "A." The Motion to Dismiss is attached at Tab "1" to Exhibit "A.")

12.    Safeco has retained counsel to represent it in this action and is obligated to pay these attorneys a reasonable fee for the services rendered. (*See* Affidavit of Jason Stonefeld, doc. 38, Exhibit "A").

13.    Safeco has incurred $26,443.89, in attorney fees, costs and expenses in defending the Supply Line Litigation and in enforcing the Indemnitors' obligations under the Indemnity Agreement. (*See* Affidavit of Jason Stonefeld, doc. 38, Exhibit "A").

# LEGAL ANALYSIS

## Summary Judgment Standard

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986); see also *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996).

However, summary judgment is improper "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). An issue of fact is "material" if it might affect the outcome of the case under the governing law. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. See *id.*; see also *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986). If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary jugdment. *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. See *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000); *Ramsey v. Leath*, 706 F.2d 1166, 1170 (11th Cir. 1983). On a summary

judgment motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). The court is not obliged to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511. And, it is improper for the district court to make credibility determinations, such as between contradictory affidavits, on a motion for summary judgment. *Miller v. Harget,* 458 F.3d 1251, 1256 (11th Cir. 2006); *Bischoff v. Osceola County,* 222 F.3d 874, 876 (11th Cir. 2000); *Harris v. Ostrout*, 65 F.3d 912, 916-17 (11th Cir. 1995); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987). This is because at the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. See *Anderson*, 477 U.S. 249. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.")

Safeco contends that it is entitled to summary judgment on Count II of the Complaint for Breach of the Indemnity Agreement for the losses incurred through the date it filed the summary judgment motion: $26,443.89. It notes that the interpretation and effect of the provisions of an Indemnity Agreement are questions of law and thus appropriate for summary judgment motions. See *Revenue Markets, Inc. v. Amwest Surety Ins. Co.,* 35 F. Supp.2d 899, 907 (S.D. Fla. 1998)(granting summary judgment to surety on indemnity agreement); *Robobar, Inc. v. The Hilton Int'l Co.,* 870 So.2d 864, 865 (Fla. 3d DCA 2004) (holding that the interpretation of a contract is a question of law);*Sork v. United Benefit Fire Ins. Co.*, 161 So.2d 54, 55

(Fla. 3rd DCA 1964) (holding that summary judgment was appropriate in favor of a surety based on liability under an indemnity agreement); *Liberty Mut. Ins. Co. v. Aventura Engineering & Contr. Corp.*, 534 F.Supp.2d 1290 (S.D. Fla. 2008) (surety established right to settle bond holder's claim against contractor based on breach of indemnity agreement, summary judgment granted).

As noted above, it is undisputed that Amy Martin Raines signed the Indemnity Agreement to induce Safeco to stand as surety for BHC. (Answer, doc. 19 at ¶¶ 9, 10), and that the Indemnitors agreed to pay Safeco "upon demand . . . [a]ll loss and expense, including attorneys' fees for which [Safeco] shall become liable by reason of such bond, whether or not [Safeco] shall have paid such loss and expense at the time of demand . . . [t]he attorneys' fees and costs incurred by [Safeco] in enforcing this agreement." (Complaint, doc. 1, at exhibits "A" and "B"; Answer, doc. 19 at ¶¶13 & 15). Safeco is thus entitled to full indemnification.

In the Supply Line Litigation, BHC filed a lawsuit against the Obligee of the Lien Transfer Bond, resulting in a Third-Party Complaint against Safeco for damages exceeding $656,870.96. In defending against this claim, Safeco states that it incurred attorneys' fees, expenses and costs, for which the Indemnitors failed to provide any collateral despite demand and failed to indemnify Safeco for its loses despite demand. With respect to this indemnification, Safeco points to the language of the Indemnity Agreement which states in relevant part that:

2.      [Safeco] shall have the exclusive right to determine whether any claim or suit shall, on the basis of liablity, expediency or otherwise, be paid, compromised, defended or appealed.

3.      An itemized statement of loss and expense incurred by [Safeco], sworn to by an officer of [Safeco], shall be prima facie evidence of the fact and extent to [the Indemnitors'] obligation to [Safeco].'

(Complaint, Doc. 1, at exh. "A" and "B"). In support of the motion for summary judgment, Safeco has submitted the affidavit of Jason Stonefeld, who is identified not as an officer of Safeco, but as its "duly authorized representative." (Doc. 38, exh. A at 1). It does not appear from Mr. Stonefeld's affidavit that he is an officer of Safeco, as contemplated by the Indemnity Agreement. Rather, he appears from the attachments to his affidavit to be counsel for Safeco. (Doc. 38, exh. E to exh. A). Mr. Stonefeld indicates that the amount of loss and expense incurred by Safeco in defending the Supply Line Litigation and in enforcing the Indemnitors' obligations under the Indemnity Agreement was $26,443.89. This amount is not itemized in either the affidavit or the attachments thereto, which again does not comport with the terms of the Indemnity Agreement. However, the court finds that the defendant has waived any objection to these technical deficiencies through her failure to object or otherwise respond to the plaintiff's motion.

Accordingly, it is respectfully RECOMMENDED:

That Safeco's amended motion for summary judgment (doc. 38) be GRANTED and judgment be entered against defendant Amy Martin Raines in the amount of $26,443.89. The judgment shall reflect that Ms. Raines' liability shall be joint and several with that of the other defendants in this action, in accordance with the settlement reached with defendants Larry Becker, Sr. and Donna G. Becker. (Doc. 50).

At Pensacola, Florida this 13th day of July, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control**.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).